IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SARA CORDELL,** on behalf of herself and all others similarly situated, | : <br> : <br> : |
| **Plaintiff,** | : CASE NO. 2:21-cv-755 <br> : <br> : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : <br> : Magistrate Judge Jolson |
| **SUGAR CREEK PACKING CO.,** | : <br> : |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Certify Class Conditionally Under the Fair Labor Standards Act (ECF No. 26) and Defendant's Motion to Stay (ECF No. 32). For the reasons set forth more fully below, Plaintiff's Motion to Certify Class Conditionally Under the Fair Labor Standards Act (ECF No. 26) is **DENIED WITHOUT PREJUDICE** and Defendant's Motion to Stay (ECF No. 32) is **GRANTED**.

### I. BACKGROUND

#### A. Factual

Sara Cordell worked as an hourly, non-exempt employee for Sugar Creek Packing Co. ("Sugar Creek") for approximately two years, processing, packaging, and/or handling food. (ECF No. 15 ¶¶ 13, 35). In addition to the work that Cordell and others similarly situated engaged, Sugar Creek also provides cooking and food safety solutions for retail and food services companies. (*Id.* ¶ 14). Sugar Creek, which operates facilities in Ohio, Indiana, and Kansas, required employees that processed, packaged, and otherwise handled food to sanitize themselves and don protective

1

clothing and equipment prior to engaging in their work. (*Id.* ¶¶ 15, 25, 33, 38). This pre-shift preparation also occurred during unpaid meal periods. (*Id.* ¶ 40).

Cordell and others similarly situated routinely worked over forty hours per week. (*Id.* ¶ 44). Because Sugar Creek did not compensate employees for this work preparation, Cordell asserts that she and others similarly situated did not receive full overtime pay. (*Id.* ¶ 45). Shortly thereafter, Cordell filed suit.

### B. Procedural

On February 22, 2021, Cordell brought this action on behalf of herself and all similarly situated employees for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Ohio Revised Code §§ 4113.03(D), 4113.15, and 2307.60. (ECF No. 1 at 1). Plaintiff filed her Amended Complaint on May 27, 2021, reducing her claims under Ohio law to O.R.C. § 4113.03(D) (ECF No. 15). Defendant timely Answered (ECF No. 17).

On September 07, 2021, Plaintiff filed her Motion to Certify Class Conditionally Under the Fair Labor Standards Act. (ECF No. 26). Defendant timely Responded (ECF No. 30), and Plaintiff timely Replied (ECF No. 31). On March 09, 2022, Defendant filed a Motion to Stay (ECF No. 32), Plaintiff filed a timely Response (ECF No. 33), and Defendant timely Replied (ECF No. 35). These motions are now ripe for review.

## II. STANDARD OF REVIEW

The FLSA allows an employee to maintain an action on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b). The Act establishes two requirements for a representative FLSA action against an employer: "(1) the plaintiffs must actually be 'similarly situated,' and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Snelling v. ATC Healthcare Services, Inc.*, No. 2:11-CV-983, 2012 WL 6042839, at *2

(S.D. Ohio Dec. 4, 2012) (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). The distinct "opt-in" structure of § 216(b) heightens the need for employees to "reciev[e] accurate and timely notice concerning the pendency of the collective action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The statute therefore vests district courts with "discretion to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Id.* at 169. The decision conditionally to certify a class, and thereby facilitate notice, is thus "within the discretion of the trial court." *Snelling*, 2012 WL 6042839 at *2 (citing *Hoffmann-La Roche*, 493 U.S. at 169).

Accordingly, the Sixth Circuit has "upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action." *Heibel*, 2012 WL 4463771, at *2 (citations omitted). First, at the "initial notice" stage, before discovery has occurred, the Court "determine[s] whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Id.* (quotation omitted). The second stage of the FLSA collective action analysis occurs once discovery is complete, when "the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.* (quotation omitted).

Whether Plaintiff's suit may proceed as a collective action pursuant to FLSA at this stage, then, depends on a showing that potential class members are "similarly situated." *Comer*, 454 F.3d at 546. The FLSA does not explicitly define the term "similarly situated," and neither has the Sixth Circuit. *Wade v. Werner Trucking Co.*, No. 2:10–CV–00270, 2012 WL 5378311, at *4 (S.D. Ohio Oct. 31, 2012) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009)). Although the Sixth Circuit has declined to "create comprehensive criteria for informing the similarly situated analysis," it has held that FLSA plaintiffs may proceed collectively in cases

where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. "Thus, similarly situated class members under [the] FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs." *Lewis*, 789 F. Supp. 2d at 868. In short, at this first stage, "the plaintiff must show only that 'his position is similar, not identical to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2001)). The Court considers that issue "using a fairly lenient standard, and typically [the determination] results in conditional certification of a representative class." *Id.* (quotation omitted).

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016) (Marbley, J.) (citing *Ferrell v. Wyeth–Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005); *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Zimmers*, 2016 WL 1322343, at *2 (citing *Grice Eng'g, Inc. v. JG Innovs., Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)).

### III. LAW & ANALYSIS

Because Defendant's Motion to Stay (ECF No. 32) seeks to stay the case before the Court reviews Plaintiff's Motion to Certify Class Conditionally Under the Fair Labor Standards Act (ECF No. 26), the Court considers Defendant's Motion first.

4

### A. Motion to Stay

Defendant argues that this Court should stay this case until the Sixth Circuit decides *In re: A&L Home Care And Training Center, LLC, et al.* (No. 21-0305)*; In re: Larry Holder, et al.* (No. 21-0306) (6th Cir. 2022) (collectively, "*Holder*"). There, the Sixth Circuit is considering the propriety of the two-step certification process in FLSA cases. (ECF No. 32 at 1) (describing the issue in *Holder*). Defendant contends that because the single issue before the Court is whether Plaintiff's case should be conditionally certified as a collective action under FLSA, issuing a stay is the more prudent alternative. (*See id.* at 2). Indeed, Defendant argues that the two-step certification process is not only *not* required by the Sixth Circuit, but also that the court of appeals has recognized that a substantial difference of opinion exists regarding the propriety of the analytical paradigm. *Id.* (citing *Holder*).

Defendant also contends that a stay will yield benefits of judicial economy, less briefing by the parties, uniformity of law, and avoid prejudicing the Defendant by not requiring it to send notices under a certification process that is currently being challenged. (*Id.* at 3–4). Defendant also argues that a stay will not cause harm to any party. (*Id.* at 4). Finally, Defendant observes that several pending decisions seeking conditional certification in the Southern District have been stayed for these very reasons. (*Id.*).

Plaintiff argues that each of Defendant's offered reasons is deficient. First, in a similar case—a purported FLSA collective action and Ohio Rule 23 class—the court denied a motion to stay because it found that the presence of the Rule 23 class outweighed any gains in judicial economy. (ECF No. 33 at 1–2) (citing *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-00070, 2022 WL 682664, at *1 (S.D. Ohio Mar. 8, 2022)). Second, Plaintiff asserts that there would be no prejudice to the Defendant because if conditional certification were granted,

5

lead Plaintiff would coordinate and pay for the notices sent to potential opt-in Plaintiffs. (*Id.* at 2). Third, Plaintiff argues that this Court need not wait for the Sixth Circuit to rule on the above case because until that court changes the law, the two-step certification process is binding. (*Id.*) (citing *Hafley v. Amtel,* No. 1:21-cv-0203, U.S. Dist. LEXIS 48252 at * 17 (S.D. Ohio Mar. 18, 2022)). Fourth, Plaintiff argues that she would be prejudiced because the statute of limitations for her FLSA claims would continue to run, potentially leading to the expiration of such claims before the Sixth Circuit rules. (*Id.* at 3). In the event the stay is granted, Plaintiff requests that this Court equitably toll the statute, just as other decisions in the Southern District have decided. (*Id.* at n.1).

The Court finds that the factors weigh in favor of a stay. The need for the stay implicates the legal issue Plaintiff seeks to resolve; the case is in the early stages of litigation; a stay will simplify the issues that must be resolved; it reduces the burden on the parties and the Court; and considered together, outweighs the risk of prejudice Plaintiff claims. As a threshold matter, Defendant requests a stay because the precise legal issue that Plaintiff seeks to resolve—whether her putative collective action under FLSA should be conditionally certified—is implicated in a matter pending before the Sixth Circuit. *See Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case Nos. 22-3101, 22-3102 (opened appeals). There, "the Sixth Circuit granted the petition for leave to appeal … and held that [it] will review the issue of what standard to apply when conditionally certifying a collective action, *i.e.*, a one-phase or two-phase inquiry." *Lovendahl v. Kroger Co.*, Inc., No. 1:21-CV-00350, 2022 WL 594806, at *2 (S.D. Ohio Feb. 28, 2022) (citing *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case Nos. 22-3101, 22-3102).

Moreover, at this stage of litigation—part one of the current conditional certification process—the parties and the Court will benefit from the Sixth Circuit clarifying the role such

6

analytical framework should play, if any, in the FLSA collective context. This clarification will reduce the danger of having to consider this issue twice should the Sixth Circuit decide that the two-step certification process is no longer viable, which would redound to the benefit of the parties as well as the Court.

Plaintiff's claims of prejudice, on the other hand, are either mitigated or otherwise not well supported. Though Plaintiff argues prejudice flowing from the FLSA's continuously running statute of limitations, this issue can be easily avoided via equitable tolling. *See Biggs v. Quicken Loans, Inc.*, No. 10-CV-11928, 2014 WL 12661985, at *5 (E.D. Mich. Feb. 19, 2014) (granting Plaintiff's request for equitable tolling and observing that "[e]quitable tolling of FLSA cases due to extended periods of delay due to Court action or order is common"); *Betts v. Cent. Ohio Gaming Ventures, LLC*, 351 F. Supp. 3d 1072, 1076 (S.D. Ohio 2019) (also granting Plaintiff's request for equitable tolling). Indeed, Plaintiff recognizes this as she requests that the court take this very step in the event "the Court is inclined to stay this matter." (*See* ECF No. 33 at 3 n.1). And while Plaintiff also argues that FLSA collective actions with a Rule 23 component should not be stayed, she provides little authority to support this proposition.

Relying on *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-00070, 2022 WL 682664, at *2 (S.D. Ohio Mar. 8, 2022), Plaintiff contends that a stay waiting on the Sixth Circuit's clarification for FLSA cases would not promote judicial economy when the case also involves a Rule 23 class action. First, other courts in the Southern District have granted stays in cases despite being putative hybrid FLSA-Rule 23 actions. *See e.g.*, *Green v. Cornerstone Servs.*, No. 1:20-cv-706, (S.D. Ohio Feb. 26, 2022) (staying case despite FLSA with putative class action); *Mullen v. Chaac Pizza Midwest, LLC*, No. 1:20-CV-893, 2022 WL 673187, at *6 (S.D. Ohio Mar. 7, 2022) (same). Second, of the five decisions that considered a stay pending the Sixth

Circuit's opinion that this Court is aware, four have granted this request. *See Green*, No. 1:20-cv-706; *Lovendahl*, 2022 WL 594806, at *1; *Schell v. Kroger Co.*, No. 1:21-CV-00103, 2022 WL 594819, at *1 (S.D. Ohio Feb. 28, 2022); *Mullen*, 2022 WL 673187, at *1. The fifth and lone case pointing in the opposite direction—*Klienhans*—appears to be an outlier. And considering that the *Klienhans* Court did not have the benefit of party briefing regarding the issue of a stay, its persuasive weight is, at best, another data point. *See Kleinhans*, 2022 WL 682664, at *2 (S.D. Ohio Mar. 8, 2022) (Conditional certification was recommended by a Magistrate Judge on November 1, 2021; timely objected to by Defendant; and timely responded to by Plaintiffs. This means that the parties briefed the court before the Sixth Circuit granted the appeal in *Holder* on Feb 4, 2022); *see also Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-70, 2021 WL 5048399, at *1 (S.D. Ohio Nov. 1, 2021).

Finally, time—though not immaterial—is an issue in every motion to stay that is opposed. Thus, on its own, this factor bears little weight in differentiating those cases more suited for a stay. Taken together, each of Plaintiff's claims of prejudice are either mitigated or unsupported. Accordingly, the factors in aggregate militate toward a stay. Defendant's Motion to Stay (ECF No. 32) is **GRANTED**.

### B. Motion to Certify Conditionally FLSA Collective

Because the Court **GRANTS** Defendant's Motion to Stay, Plaintiff's Motion to Certify Class Conditionally Under the Fair Labor Standards Act (ECF No. 26) is **DENIED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons above, Plaintiff's Motion to Certify Class Conditionally Under the Fair Labor Standards Act (ECF No. 26) is **DENIED WITHOUT PREJUDICE**, Defendant's Motion

to Stay (ECF No. 32) pending the final disposition of *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101 is **GRANTED,** and Plaintiff's request for Equitable Tolling of the statute of limitations for the FLSA claims is **GRANTED**.  The parties shall jointly schedule a status conference with the Court within fourteen (14) days of the final disposition of that matter.

    **IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 16, 2022**