**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SARA CORDELL**, on behalf of herself and others similarly situated, | Case No. 2:21-cv-755 |
| Plaintiff, | Magistrate Judge Kimberly A. Jolson |
| vs. | **ORDER APPROVING FLSA** **COLLECTIVE ACTION SETTLEMENT** |
| **SUGAR CREEK PACKING CO.**, | |
| Defendant. | |

**ORDER**

Named Plaintiff Sara Cordell ("Named Plaintiff") and Defendant Sugar Creek Packing Co. have moved the Court to approve this settlement of claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement")); and to approve Plaintiffs' Counsels' requested fees and expenses. (*See* Docs. 81 (the Motion), 81-1 (the Agreement)). On March 6, 2024, the Court held a hearing virtually, where counsel for both parties explained the Agreement and answered the Court's questions. (*See* Doc. 82). No potential collective members attended the hearing or objected to the Agreement.

Having reviewed the Agreement (Doc. 81-1), as well as the Parties' Joint Motion for FLSA Settlement Approval (Doc. 81), the declarations attached (Doc. 81-5), and the pleadings and papers on file in this case ("the Action"), and for good cause shown, the Court **APPROVES** settlement of the FLSA claims, as provided in the Agreement, as follows:

1.     Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2.      On February 22, 2021, Named Plaintiff filed a collective and class action Complaint in the United States District Court for the Southern District of Ohio, *Cordell v. Sugar Creek Packing Co.*, Case No. 2:21-cv-00755-ALM-KAJ (the "Action").  In the Action, Named Plaintiff asserted claims against Defendant, individually and on behalf of others similarly situated under the Fair Labor Standards Act ("FLSA"), and the Ohio Revised Code (R.C.) §§ 4111.03(D), 4113.15, and 2307.60.  Specifically, the Action alleged that Defendant violated the FLSA and Ohio law by not paying its food production employees properly for time spent donning and doffing sanitary clothing and handwashing before and after their scheduled shifts, resulting in unpaid overtime.  The Complaint also alleged that Defendant failed to pay wages on a semi-monthly basis. (Doc. 1).

3.      On May 27, 2021, Named Plaintiff filed an Amended Complaint, asserting substantially the same overtime claims against Defendant, but basing them on Defendant's alleged failure to compensate employees for time spent donning and doffing their sanitary clothing during their unpaid meal breaks (commonly referred to as a "bookend" claim).  The Amended Complaint also abandoned the claims brought under Ohio R.C. §§ 4113.15 and 2307.60.  (Doc. 15).

4.      Defendant answered both Complaints, denying all liability, which Defendant continues to deny.  (Docs. 12, 17).

5.      On September 7, 2021, Named Plaintiff filed a Motion for Conditional Certification, which was opposed and fully briefed.  (Docs. 26, 30, 21).

6.      On August 16, 2022, this Court granted Defendant's Motion to Stay, pending the outcome of *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), and denied Named Plaintiff's Motion for Conditional Certification without prejudice.  (Docs. 32, 33,

35, 39).   This Court also granted Named Plaintiff's request that the statute of limitations be equitably tolled for potential opt-in plaintiffs through the course of the stay.  (Doc. 39).

7.      Following the May 19, 2023, *Clark* decision, Named Plaintiff moved for expedited discovery and for continued equitable tolling on May 26, 2023, which was fully briefed.  (Docs. 42, 43, 45, 52, 53–55, 66).  On September 11, 2023, the motion was granted in part and denied in part, and the request for equitable tolling was granted.  (Doc. 67).

8.      On August 7, 2023, Defendant filed a Motion to Strike Plaintiff's Memoranda Accompanying Plaintiff's Notices of Supplemental Authority, to which Named Plaintiff filed a Notice of Non-Opposition.  (Docs. 58, 65).  The motion was granted on September 13, 2023.  (Doc. 71).

9.      On November 14, 2023, this Court granted the Parties' Joint Motion to Stay Pending Mediation.  (Docs. 70, 71).

10.      On November 21, 2023, the Parties mediated before Hon. Diane M. Welsh (Ret.), and although the Parties were unable to reach a settlement that day, they continued settlement discussions facilitated by Judge Welsh and reached an agreement on December 7, 2023.  (Docs. 72, 75, 77).

11.      On December 19, 2023, the Parties filed their Consent to the Undersigned's jurisdiction for the purposes of approving and overseeing the settlement.  (Docs. 74, 76).

12.      The Parties' Agreement was attached to their Joint Motion.  (*See* Doc. 81-1).  The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Claimants as outlined in the Agreement.

13.      Settlement of FLSA claims is subject to approval by the Court.

14.     The Agreement was achieved after arm's-length and good-faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.  Settlement was facilitated by a third-party neutral.

15.     Plaintiffs' Counsel performed a calculated expected value (EV), which the total settlement amount exceeded.  Judge Posner, writing for a Seventh Circuit panel, concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…."  *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).  While this settlement concerns a collective and not a class, the same reasoning is applicable.

16.     Accordingly, the Court approves the Agreement as a fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as outlined in the Agreement.

17.     The Court approves the content, form, and distribution of the Notice of Collective Action Lawsuit and Consent to Join Form to all Eligible Settlement Participants, as outlined in the Agreement.  (*See* Docs. 81-2, 81-3).

18.     The Court approves the Service Award for Named Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

19.     The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses, as provided in the Agreement.  Plaintiffs' Counsel has significant experience litigation

wage and hour cases, and fees of one-third of the common fund are typical for FLSA collective actions in this District.

20.     The Court orders that payments from the Global Settlement Fund, including the Service Award, Plaintiffs' Counsel's attorneys' fees and costs, distributions to Claimants, and settlement administration costs, be distributed in the manner and subject to the terms and conditions set forth in the Agreement.  "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *28 (S.D. Ohio, Sep. 25, 2020) (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993)).  "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, N.D. Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (July 27, 2018).

21.     This Court has held that an award of one-third is typical and is "the most appropriate method for determining reasonable attorneys' fees in wage and hour cases." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *4, 21–22 (S.D. Ohio Sept. 20, 2019) (quoting *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *14-15 (S.D. Ohio July 11, 2014)); *see also Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award and has been approved in similar FLSA collective actions in this judicial district.") (internal citation omitted); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov. 2, 2021) (finding attorneys' fees representing approximately one-third of the total settlement fund as reasonable); *Croskey v. Hogan Servs., Inc.*, No. 2:20-cv-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021) ("[A]ttorneys' fees ...

represent[ing] one-third of the total settlement amount ... are reasonable.") (further citations omitted); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) ("The Court. . . finds that one-third of the Settlement Fund is a reasonable percentage of the fund to be awarded for attorney's fees.").

22. The Court will dismiss, with prejudice, Named Plaintiff's claims, individually and on behalf of the Claimants, as provided in the Agreement.

23. The Court finds there is no just reason for delay and **DIRECTS** the Clerk of the Court to enter this Order granting approval of the settlement immediately. The Clerk is also **DIRECTED** to terminate this case. The Court retains jurisdiction over this Action to enforce the terms of the Agreement, and the Court may re-open this Action as needed.

IT IS SO ORDERED.


Date: March 6, 2024                          /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE